COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


RAYMOND EARL HOLT, JR.

v.    Record No. 2349-01-2

DRUCKER AND FAULK, INC. AND
 MONGOMERY MUTUAL INSURANCE COMPANY        MEMORANDUM OPINION* BY
                                           JUDGE SAM W. COLEMAN III
                                                APRIL 23, 2002
DRUCKER AND FAULK, INC. AND
 MONTGOMERY MUTUAL INSURANCE COMPANY

v.    Record No. 2456-01-2

RAYMOND EARL HOLT, JR.


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Louis D. Snesil (Louis D. Snesil, P.C., on
            briefs), for Raymond Earl Holt, Jr.

            Jimese Pendergraft Sherrill (Christine A.
            McKee-Clark; Siciliano, Dyer, Ellis &
            Boccarosse, on briefs), for Drucker and
            Faulk, Inc. and Montgomery Mutual Insurance
            Company.


     Drucker and Faulk, Inc. and its insurer (hereinafter

referred to as "employer") appeal a decision of the Workers'

Compensation Commission awarding medical benefits to Raymond

Earl Holt, Jr. (claimant).  Employer contends the commission

erred in finding that claimant proved he sustained a compensable

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

injury by accident to his right leg on June 16, 2000.  On cross-appeal, claimant contends the commission erred in finding he failed to prove that his disabling headaches were causally related to his June 16, 2000 injury by accident.  Finding no error, we affirm the commission's decisions.

## I.   Injury by Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission ruled that claimant proved he sustained a compensable injury by accident to his right leg, finding that his evidence proved an identifiable incident while in the course of his employment, on June 16, 2000, that caused or resulted in a sudden mechanical or structural change to his body.  In so ruling, the commission found:

> [T]he claimant felt a sting and noticed
> blood on his ankle while in the course and
> scope of his employment.  We find that his
> inability to prove what caused the puncture
> marks on his right ankle is not dispositive

-

of this matter. Although the claimant cannot positively identify the source of the sting or the cause of the wound, he has presented sufficient evidence to causally connect the wound with the employment. While his physicians are unable to definitively conclude that a snake bit him, no physician disputes that the wound on his right ankle was caused by a bite of some sort. We find that as a maintenance technician and grounds man, the claimant was required to maintain and upkeep the area in and around the employer's drainage ditch, and therefore, the employment included the risk of insect, rodent or snake bites.

The commission's factual findings are supported by credible evidence, including claimant's testimony and the medical records of Drs. H. Thompson Mann and James W. Brooks, Jr.

Claimant testified that while he was collecting trash from a drainage ditch on June 16, 2000, he "noticed a little sting" on his ankle. He looked down and saw blood, but did not see what had caused his ankle to bleed. He saw fleas on his sock. Claimant sought medical treatment four days later at Patient First, where he reported he had been bitten by fleas.

On June 20, 2000, Dr. Mann treated claimant at the St. Mary's Hospital emergency room. Dr. Mann reported that claimant had brushed fleas from his lower extremities while cleaning an apartment. Claimant also reported that he had walked through grass that was above his ankles, and when he walked away from that area, he felt a stinging sensation and saw some blood on his ankle. Dr. Mann's examination showed two

-

puncture wounds about one centimeter apart on claimant's lower extremity. The area was mildly discolored, mildly swollen, and tender. Although claimant stated that he did not see a snake, Dr. Mann opined that most likely a snake had bitten claimant. On June 26, 2000, Dr. Mann reported that the claimant "has what looks like a snake bite (in Hospital last week) and he will be out of work probably thru rest of this week."

On July 5, 2000, claimant saw Dr. Brooks, an infectious disease specialist. Dr. Brooks also concluded that claimant's history and the appearance of the wounds suggested a venomous snakebite. Dr. Brooks later opined in a letter to Dr. Mann that he believed claimant's symptoms were suggestive of a copperhead snakebite.

Based upon this credible evidence, the commission, as fact finder, could reasonably infer that claimant sustained a bite from either an insect, rodent, or snake, while working for employer on June 16, 2000, which caused the sudden mechanical or structural change in his body - i.e. the puncture wound and swelling. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). As fact finder, the commission was entitled to resolve any inconsistencies between claimant's testimony and his

-

co-workers' testimony in favor of claimant.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

## II.  Headaches

Here, on this issue, we also view the evidence in the light most favorable to the prevailing party below, in this instance the employer.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that his headaches were causally related to his compensable injury by accident, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant relies upon Dr. Mann's office notes and Dr. J. Kim Harris' opinion to support his argument that his disabling headaches were causally related to his snakebite.  Claimant argues that the only disabling aspects of the injury were the headaches and Dr. Mann's report of June 26, 2000, that claimant would "be out of work probably thru rest of this week," was sufficient to establish the causal relationship between the snakebite and headaches.  However, as the commission noted, although Dr. Mann specifically attributed claimant's right leg wound to the snakebite, he never stated or rendered an opinion

-

that claimant's chronic, severe headaches were caused by the snakebite or the right leg wound. In addition, although Dr. Harris attributed claimant's headaches to the snakebite, he did so based solely upon a temporal connection. Dr. Harris admitted that he was not a snakebite expert. Furthermore, because Dr. Harris did not treat claimant until almost three months after the injury, he would not have had an opportunity to view claimant's wound. Dr. Brooks opined, that even if a snake had bitten claimant, headaches would be an unusual consequence.

The commission, as fact finder, was entitled to weigh all of the medical evidence. It did so and concluded that claimant failed to establish a causal relationship between his headaches and his compensable injury. We do not reweigh the evidence. Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-